BRYLL *v.* MISTECKI.

1. SPECIFIC PERFORMANCE—NOT MATTER OF RIGHT—EQUITY.
   Specific performance is not always matter of legal right, but is based more or less on equitable consideration, and is only granted where clear case for equitable relief is established.

2. SAME—DELAY—EQUITY.
   Decree dismissing vendees' cross-bill for specific performance of alleged contract to sell land is affirmed, on appeal, where they permitted more than two and one-half years to elapse before bringing their appeal to hearing, and where finding of trial court that they had paid nothing of value is justified by record.

Appeal from Wayne; Smith (Henry H.), J., presiding. Submitted April 7, 1932. (Docket No. 40, Calendar No. 35,784.) Decided June 6, 1932.

Bill by Peter H. Bryll and another against Michael Mistecki and another to enjoin taking for-

cible possession of property owned by plaintiffs. Cross-bill for specific performance of a contract. Bill and cross-bill dismissed. Defendants appeal. Affirmed.

*Francis K. Young,* for appellants.

SHARPE, J. The bill of complaint herein was filed on September 18, 1928, to enjoin the defendants from taking forcible possession of property owned by plaintiffs on Parkinson avenue in the city of Fordson. On November 5, 1928, the defendants filed an answer thereto, and by cross-bill sought specific performance of an alleged contract for the sale of said property by plaintiffs to defendants. After a hearing in open court, in which plaintiffs asked to have their bill dismissed and defendants submitted their proofs under the cross-bill, the trial court, on September 24, 1929, entered a decree dismissing both the bill of complaint and cross-bill. By stipulations filed and orders made, the time to settle the record for review in this court was extended from time to time until February 2, 1931. The printed record, consisting of but 49 pages of testimony, was filed on April 28th of that year. The brief of appellants was not filed until November 7th, and that of appellees is not on file at the time this opinion is written.

In the trial court's opinion it was said:

"Specific performance is not always a matter of legal right. It is based more or less upon the equitable consideration and is only granted where a clear case for equitable relief is established and where it is shown that by a failure to enforce specific performance, hardships and clearly proven damages will accrue to the parties seeking the relief."

The rule thus stated may well be applied with greater strictness against defendants' claim, as here asserted, when they have permitted more than two and a half years to elapse after the entry of the decree before bringing their appeal to a hearing in this court.

The trial court found:

"It appears conclusively from the proofs in the case that plaintiffs received nothing from the defendants either in payment or otherwise and that they have nothing at this time of value from the defendants."

A reading of the record discloses that this finding was justified by the evidence. The decree dismissing the cross-bill is affirmed. No costs are allowed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.